STATE OFFICERS AND EMPLOYEES
The Grand River Dam Authority may not create new superintendent positions and thereby make them exempt or unclassified under the provisions of Title 74 O.S. 803.4 [74-803.4] (1977). The Attorney General is in receipt of your request for an opinion wherein you asked the following question: May the Grand River Dam Authority create "superintendent" positions and make them exempt or unclassified when such positions have not been delineated by job title as exempt or unclassified in the original executive order or statutes? Title 74 O.S. 802 [74-802] (1971), authorizes the Governor of the State of Oklahoma to promulgate executive orders placing any agency or department of the state government, and the employees thereof, with exempt positions as stipulated by said order, under the merit system of Personnel Administration. Under this section the Governor of the state by executive order dated June 23, 1966, placed the Grand River Dam Authority under the State Merit System of Personnel Administration exempting only the deputy or assistant general manager and one private secretary from the provisions of said merit system. Subsequent to the above executive order the Oklahoma Legislature enacted Title 74 O.S. 803.4 [74-803.4] (1977) which provides in part as follows: 74 O.S. 803.4 [74-803.4] Grand River Dam Authority Personnel included in unclassified service. — In addition to those offices and positions in the unclassified service of the state as now provided by law, personnel occupying the following offices and positions for the Grand River Dam Authority shall be included in the unclassified service of the state: . . . 2. The Chief Engineer and the engineers and superintendents; . . . I have been informed that under the provisions of the above act only the position of superintendent, steam plant superintendent and transmission superintendent qualified for unclassified status. Since that time the G.R.D.A. has requested personnel action placing the following additional job titles in the unclassified service: 1) Superintendent of Information Services. 2) Superintendent of the Support Services. 3) Superintendent of Budget and Disbursement. 4) Superintendent of Data Development Analysis. This office has previously ruled that in the event an agency or department under the merit system adds additional personnel or functions then those additional personnel or functions would automatically be under the merit system unless specifically exempt by statute or Executive Order. See Attorney General Opinion No. 75-247. This opinion appears in consonance with the legislative intent behind the act since by statute only those agencies, departments or employees exempt by Executive Order under 802, or those offices, positions or agencies specifically set forth in 74 O.S. 803 [74-803], 74 O.S. 803.1 [74-803.1], 74 O.S. 803.2 [74-803.2] [74-803.2], 74 O.S. 803.3 [74-803.3], 74 O.S. 803.4 [74-803.4] [74-803.4] and 74 O.S. 803.5 [74-803.5] are unclassified and not under the rules and provisions of the Merit Act. If the legislature had intended to repose the authority to add employees or positions to the unclassified service as the G.R.D.A. has herein requested, then the legislature would no doubt have enacted the type of legislation contained in 74 O.S. 803.3 [74-803.3] which specifically provides for "Future offices and positions" within the State Department of Education. It is, therefore, the opinion of the office of the Attorney General that your question be answered as follows: The Grand River Dam Authority may not create new superintendent positions and thereby make them exempt or unclassified under the provisions of Title 74 O.S. 803.4 [74-803.4] (1977). (JOHNNY J. AKINS) (ksg)